**SANDERS LAW GROUP**
Craig B. Sanders, Esq. (Cal Bar 284397)
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 123126
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FNTV, LLC, <br><br> Plaintiff, <br><br> v. <br><br> Calvin Cordozar Broadus Jr. a/k/a Snoop Dog, <br><br> Defendant. | Case No: <br><br> **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff FNTV, LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Calvin Cordozar Broadus Jr. a/k/a Snoop Dog ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement and the violation of the DMCA for the removal of copyright management information.

2. Plaintiff herein creates photographic images and videos owns the rights to these images and videos which Plaintiff licenses for various uses including online and print publications.

3. Defendant owns and operates a social media account with the name of "snoopdog" on Instagram (the "*Account*").

4. Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's Video on the Account and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5. FNTV, LLC is a New York limited liability company and maintains its principal place of business at 31- 64 21st Street, #102, Queens in New York City, New York.

6. Upon information and belief, Defendant Calvin Cordozar Broadus Jr., is an individual who is a citizen of the State of California who resides at 2345 Alamo Heights Drive, Diamond Bar in Los Angeles County, California and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Calvin Cordozar Broadus Jr. because he is domiciled in California.

9. Venue is proper under 28 U.S.C. §1391(a)(2) because Calvin Cordozar Broadus Jr. resides in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

10. Plaintiff is the legal and rightful owners of videos which Plaintiff licenses to online and print publications.

11. Plaintiff has invested significant time and money in building Plaintiff's portfolio.

12. Plaintiff has obtained active and valid copyright registrations from

the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's videos while many others are the subject of pending copyright applications.

13. Plaintiff's videos are original, creative works in which Plaintiff owns protectable copyright interests.

14. The Account is associated with Defendant.

15. Defendant has exclusive access to post content on Defendant's Account.

16. Defendant uses the Account to promote his business interests.

17. On April 2, 2021, Plaintiff FNTV, LLC authored a video of a protestor scaling a building in New York City (the "*Photograph*"). A copy of a single frame screengrab from the Video is attached hereto as Exhibit 1.

18. Plaintiff applied to the USCO to register the Video on or about April 9, 2021 under Application No. 1-10347295108.

19. The Video was registered by the USCO on April 9, 2021 under Registration No. PA 2-294-894.

20. On April 3, 2021, Plaintiff observed the Video on the Account in a post dated April 3, 2021. A copy of the same single frame screengrab from the Video on the Account is attached hereto as Exhibit 2.

21. A copy of the Video was displayed on the Account at www.instagram.com at the following URL: https://www.instagram.com/tv/CNNxuMSlplo/?igshid=16t0qlp93x04d.

22. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and/or displayed Plaintiff's copyright protected Video as is set forth in Exhibit "1" on the Account.

23. Upon information and belief, the Photograph was copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter the "*Infringement*").

24. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 (9th Cir. 2007).

25. The Infringement is an exact copy of the entirety of Plaintiff's original video that was directly copied and stored by Defendant on the Account.

26. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Account, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Video.

27. Upon information and belief, the Video was willfully and volitionally posted to the Account by Defendant.

28. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States Copyright Laws.

29. Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Account.

30. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Account and exercised and/or had the right and ability to exercise such right.

31. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

32. Upon information and belief, the Infringement increased traffic to the Account and, in turn, caused Defendant to realize an increase in his music album sales.

33. Upon information and belief, a large number of people have viewed the unlawful copies of the Video on the Account.

34. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

35. Defendant's use of the Video, if widespread, would harm Plaintiff's potential market for the Video.

36. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

37. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

38. The Photograph is an original, creative work in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

39. Plaintiff has not licensed Defendant the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant.

40. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

41. Defendant's reproduction of the Video and display of the Video constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

42. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Video in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the

original and unique Video of the Plaintiff without Plaintiff's consent or authority, by using it in the infringing post on the Account.

43. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c).

44. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

45. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## SECOND COUNT
*(Falsification, Removal and Alteration of Copyright Management Information 17 U.S.C. § 1202)*

46. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

47. Upon information and belief, Defendant knew that Plaintiff created and held rights to the Photograph because, *inter alia*, the source of the Video that Defendant used to make its infringing copy specifically attributed the Video to Plaintiff by watermark or video credit.

48. Upon information and belief, in its post on the Account, Defendant copied the Video from https://twitter.com/ScooterCasterNY/status/1378089432255959045 which

contained a video credit located on the bottom left of the Video stating "FREEDOMNEWS.TV," the professional name associated with the owner and author of the Video.

49. The photograph credit is copyright management information.

50. A copy of the same single frame screengrab from the Video from the website of first publication including the original video credit is attached hereto as Exhibit 2.

51. Upon information and belief, Defendant intentionally removed copyright management information related to the Video with the intent to induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act. Specifically, Defendant purposefully failed to include the video credit originally conveyed with the Video in order to mislead the public into believing that Defendant either owned the Video or had legitimately licensed it for use in the Infringement. Upon information and belief, in addition to removing the video credit, Defendant also removed the metadata from the Photograph.

52. In addition, upon information and belief, Defendant displayed the unauthorized copies of the Video knowing the copyright management information had been removed.

53. Defendant's conduct violates 17 U.S.C. § 1202(a) and 1202(b).

54. Upon information and belief, Defendant's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

55. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Defendant intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Video. Defendant also knew, or should have known, that such falsification, alteration and/or removal of

said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Video.

56. Plaintiff has sustained significant injury and monetary damages as a result of Defendant's wrongful acts as hereinabove alleged, and as a result of being involuntarily associated with Defendant in an amount to be proven.

57. As a result of Defendant's violations of Title 17 of the U.S. Code, pursuant to 17 U.S.C. § 1203(c)(2), Plaintiff is entitled to an award of the actual damages suffered as a result of the violation including any profits of the Defendant attributable to the violation or, alternatively, Plaintiff may elect to recover from Defendant statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

58. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 1202(b)(4) and (5) from Defendant.

## JURY DEMAND

59. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Video in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

    a. finding that Defendant infringed upon Plaintiff's copyright interest in the Video by copying and displaying without a license or consent;

    b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as

provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an award of actual damages or, in the alternative, statutory damages against Defendant in an amount up to $25,000.00 for each falsification or removal of copyright management information pursuant to 17 U.S.C. § 1202;

d. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

e. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505 and/or 17 U.S.C. §1202(b)(5);

f. for pre judgment interest as permitted by law; and

g. for any other relief the Court deems just and proper.

DATED: October 18, 2021

**SANDERS LAW GROUP**

By: */s/ Craig B. Sanders*
Craig B. Sanders, Esq. (Cal Bar 284397)
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 123126

*Attorneys for Plaintiff*